IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| ROBERT REIL, individually and behalf of all others similarly situated, | : | |
| | : | CIVIL ACTION FILE NO. |
| Plaintiff, | : | |
| v. | : | **COMPLAINT – CLASS ACTION** |
| ELEVATE REAL ESTATE INC | : | |
| Defendant. | : | |

Robet Reil ("Plaintiff") individually and on behalf of all others similarly situated, allege on personal knowledge, investigation of his counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. This putative class action arises out of Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, and its implementing regulations adopted by the Federal Communications Commission ("FCC").

2. As alleged herein, Defendant is alleged to have violated the TCPA by making calls to the cellular telephones of Plaintiff and the proposed Class ("Class," defined below) by making calls to the cellular telephones of Plaintiff and the Class using an artificial or prerecorded voice.

3. Through this action, Plaintiff seek injunctive relief to end Defendant's ongoing and future violations of the TCPA. Plaintiff also seek an award of statutory damages to Plaintiff and the Class.

## PARTIES

4. Plaintiff Robert Reil is, and at all times mentioned herein was, an individual residing in this District.

5. Defendant is a corporation based in North Carolina.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

7. This Court has jurisdiction over Defendant as it directed its calls and left prerecorded voicemails to Plaintiff, who resides in this District.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claim here, the prerecorded calls to Plaintiff Brockington at issue, occurred in this District.

## FACTUAL ALLEGATIONS

9. Plaintiff's telephone number is (931) 307-XXXX.

10. The number is assigned to a cellular telephone service.

11. At no point had Plaintiff provided the Defendant with his phone number.

12. Despite this, Plaintiff received at least two pre-recorded calls in November of 2024.

13. The pre-recorded message stated:

> If you'd like to schedule call, press 2 or call back yourself at the number on your screen.

14. When Plaintiff listened to the voicemails, he was easily able to determine that it was a prerecorded message. *See Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODEJSA, 2016 U.S. Dist. LEXIS 186171, at *10-11 (N.D. Ga. June 23, 2016) ("When one receives a call, it is a

2

Case 1:26-cv-00045   Document 1   Filed 02/24/26   Page 2 of 8   PageID #: 2

clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live human being, or is instead being subjected to a prerecorded message.").

15. Moreover, Defendant's calls and voicemails were clearly prerecorded because (1) the voice sounded artificial; (2) Defendant left the identical voicemail for Plaintiff including not only content, but in inflection, tone, and pitch (3) the number had a "press" option in response.

16. The number on the screen for the calls was: 931-348-1975.

17. That is a number for the Defendant.

18. Indeed, a call placed to 931-348-1975 results in identification of the Defendant.

19. The calls were unwanted.

20. Plaintiff has no established business relationship with Defendant.

## CLASS ACTION ALLEGATIONS

21. Plaintiff incorporate by reference all other paragraphs of this Complaint as fully stated herein.

22. Plaintiff bring this action on behalf of themselves and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

> **TCPA Prerecorded Voice Class:** All persons throughout the United States (1) to whom Defendant placed a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to Defendant's customer or accountholder, (3) in connection with which Defendant used an artificial or prerecorded voice, (4) from four years prior to the filing of this case through the date of class certification.

23. Defendant and its employees or agents are excluded from the Class. Plaintiff reserve the right to modify or amend the Class definition, as appropriate, during the course of this litigation.

24. Plaintiff bring all claims in this action individually and on behalf of Class Members against Defendant.

*Numerosity*

25. Members of the Class are so numerous that their individual joinder is impracticable.

26. On information and belief, based on the technology used to call Plaintiff, which is used to make calls *en masse*, Members of the Class number in the thousands.

27. The precise number of Class Members and their identities are unknown to Plaintiff at this time but may be determined through discovery.

28. Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

*Commonality*

29. Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members.

30. Common legal and factual questions include, but are not limited to, the following:

    a. Whether Defendant placed telephone calls to the cellular phones of Plaintiff and the Class using an artificial or prerecorded voice;

    b. Whether Defendant placed telephone calls to Plaintiff and the Class using a prerecorded message;

    c. Whether Defendant can meet its burden of showing that it had prior express written consent to place telephone calls to Plaintiff and the Class using an artificial or prerecorded voice;

        d.   Whether Defendant acted knowingly or willfully in placing the unlawful calls at issue;

        e.   Whether Defendant is liable to Plaintiff and the Class for statutory damages and/or liquidated damages, and the amount of such damages; and

        f.   Whether Defendant should be enjoined from engaging in such conduct in the future.

### *Typicality*

31.    The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other Class Members, received unsolicited telephonic sales calls from the Defendant without giving them his consent to receive such calls.

### *Adequacy of Representation*

32.    Plaintiff are adequate representatives of the Class because their interests do not conflict with the interests of the Class Members they seek to represent, they have retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously.

33.    The interests of Class Members will be fairly and adequately protected by Plaintiff and their counsel.

### *Superiority*

34.    The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class Members.

35.    Many of the Class Members likely lack the ability and/or resources to undertake the burden and expense of individually prosecuting what may be a complex and extensive action to establish Defendant's liability.

36. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system. This strain on the parties and the judicial system would be heightened in this case, given the complex legal and factual issues at play.

37. Individualized litigation also presents a potential for inconsistent or contradictory judgments.

38. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.

39. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### Violation of the TCPA, 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)
### (On Behalf of Plaintiff and the TCPA Prerecorded Voice Class)

40. Plaintiff repeat and incorporate the allegations set forth in the preceding paragraphs as if fully set forth herein.

41. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using…an artificial or prerecorded voice…to any telephone number assigned to a…cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

42. As alleged herein, Defendant—or third-parties acting on Defendant's behalf—placed telephone calls to the cellular telephone numbers of Plaintiff and the Class using an artificial or prerecorded voice.

43. When Plaintiff listened to the voicemails, they were easily able to determine that it was a prerecorded message. *See Rahn*, 2016 U.S. Dist. LEXIS 186171, at *10-11 ("When one

6

Case 1:26-cv-00045    Document 1    Filed 02/24/26    Page 6 of 8    PageID #: 6

receives a call, it is a clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live human being, or is instead being subjected to a prerecorded message.").

44. Moreover, Defendant's calls and voicemails were clearly prerecorded because (1) the voice sounded artificial; and (2) the voicemails at issue were all identical is content, tone, pitch, wording, other than the call-back number that was provided.

45. Defendant did not have prior express written consent to place telephone calls to Plaintiff and the Class using an artificial or prerecorded voice.

46. Defendant, therefore, violated Section 227(b)(1)(A)(iii).

47. As a result of Defendant's violations of the TCPA, Plaintiff and the Class members were harmed.

48. Plaintiff and the Class members are entitled to an injunction against Defendant's ongoing and future violations of the TCPA. 47 U.S.C. § 227(b)(3)(A).

49. Plaintiff and the Class members are also entitled to an award of statutory damages of $500.00 for each telephone call that Defendant placed in violation of the TCPA. 47 U.S.C. § 227(b)(3)(B).

50. Because Defendant knew or should have known that it was placing calls using an artificial or prerecorded voice without prior express written consent, Defendant's violations of the TCPA were willful or knowing.

51. Under the TCPA, Plaintiff and the Class are entitled to an award of treble statutory damages of $1,500.00 for each telephone call that Defendant placed in knowing or willful violation of the TCPA. 47 U.S.C. § 227(b)(3)(C).

7

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, pray for the following relief:

A. An Order certifying the Class, appointing Plaintiff as Class Representative, and Plaintiff' counsel as Class Counsel;

B. An Order declaring that Defendant's actions alleged herein violate the TCPA;

C. An award to Plaintiff and each member of the Class of statutory damages of $500 for each violation of the TCPA, and an award of $1,500 for each violation found to be knowing or willful;

D. An award to Plaintiff and the Class of their reasonable attorneys' fees and the costs of this action;

E. An injunction against Defendant's ongoing and future violations of the TCPA; and

F. Such further and other relief as the Court deems just and necessary.

# JURY DEMAND

Plaintiff request a jury trial as to all claims of the complaint so triable.

Dated: February 24, 2026

PLAINTIFF, on behalf of himself
and others similarly situated,

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com