# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

**ROBERT REIL,**
    **Plaintiff,**

**vs.**                               **Civil Action File No.**

**ELEVATE REAL ESTATE, INC.,**
    **Defendant.**

## MOTION AND DEFENSES
## AND ANSWER TO THE COMPLAINT

Comes now, the Defendant, through counsel, and files a response to the Complaint as follows:

## MOTION FOR A MORE DEFINITE STATEMENT

The defendant moves this Honorable Court to require plaintiff to file a more definite statement in regards to the plaintiff's address, date(s) of phone calls and complete phone number of the plaintiff that defendant alleged to have called.

## DEFENSES

A. The Venue of this matter is improper because Venue is not in Hamilton County, Tennessee, but the county to determine Venue would be in Putnam County, Tennessee.

B. The plaintiff has filed a claim against the wrong party. Defendant, Elevate Real Estate, Inc., is no longer a corporation under the laws of the State of Tennessee. Elevate Real Estate but is a sole proprietorship

C. Plaintiff has failed to State a Claim on which real can be granted

## ANSWER TO COMPLAINT

1. The defendant denies that this putative class action arises out of defendant's violations of the Telephone Consumer Protection Act and its implementing regulations adopted by the Federal Communication Commission as alleged in paragraph numbered one of the Complaint.

2. Defendant denies to have violated the TCPA by making calls to the cellular telephones of Plaintiff and the proposed Class by making calls to the cellular telephones of Plaintiff and the Class using an artificial or prerecorded voice as alleged in paragraph numbered two of the Complaint.

3. Defendant denies ongoing, future, or any violation of TCPA as alleged in paragraph numbered three of the Complaint.

4. Defendant does not have enough information to admit or deny the allegation that

Robert Reil is an individual residing in the District. Defendant does not know Robert Reil or where he lives, but defendant generally denies the allegations in paragraph numbered four of the Complaint.

5. Defendant denies that it or he is a corporation based in North Carolina.

6. The defendant denies the allegation in paragraph numbered six that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 et seq.

7. The defendant denies all allegations in paragraph numbered seven of the Complaint that this Court has jurisdiction over defendant as it directed its calls and left prerecorded voicemails to plaintiff who resides in this District.

8. The defendant denies that Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claim here, the prerecorded calls to Plaintiff Brockington at issue, occurred in this District as alleged in paragraph numbered eight of the Complaint.

9. Defendant does not have enough information to admit or deny the allegation in paragraph numbered nine because the telephone number is incomplete containing XXXX as the last four digits.

10. Defendant does not have enough information to admit or deny the allegation in paragraph numbered ten because the telephone number in paragraph nine was incomplete containing XXXX as the last four digits so there is no way to know whether or not that the number is assigned to a cellular service.

11. Defendant does not have enough information to admit or deny the allegation in paragraph numbered eleven of the Complaint because there is no phone number listed.

12. Defendant denies that Plaintiff received at least two pre-recorded calls in November of 2024 from Defendant as alleged and implied paragraph numbered twelve of the Complaint.

13. Defendant does not have enough information to admit or deny the allegation in paragraph numbered thirteen of the Complaint but generally denies.

14. Defendant does not have enough information to admit or deny the allegation in paragraph numbered fourteen of the Complaint but generally denies.

15. Defendant does not have enough information to admit or deny the allegation in paragraph numbered fifteen, but generally denies.

16. Defendant does not have enough information to admit or deny the allegation in paragraph numbered sixteen, but denies that 931-348-1975 is a number for the defendant.

17.  Defendant denies the allegation in paragraph numbered seventeen that 931-348-1975 is the number for defendant.

18.  Defendant denies the allegation in paragraph numbered eighteen that a call placed to 931-348-1975 results in identification of the defendant.

19.  Defendant denies making any calls to the plaintiff.

20.  Defendant admits that he does not have a business relationship with the plaintiff.

## CLASS ACTION ALLEGATIONS

21.  Defendant incorporates by reference all other previous responses given to paragraphs of this Complaint as if fully stated herein.

22.  Defendant denies the allegations in paragraph numbered twenty two of the Complaint.

23.  Defendant does not have enough information to state whether or not the defendant and its employees or agents are excluded from this Class.

24.  Defendant denies that the plaintiff brings all claims in this action individually or on the behalf of the Class Members against defendant.

25.  Defendant denies that Members of the Class are so numerous that their individual joinder is impracticable.

26.  Defendant denies that on information and belief, based on the technology used to call Plaintiff, which issued to make calls *en masse,* Members of the Class number in the thousands.

27.  Defendant denies that the precise number of Class Members and their identities are unknown to Plaintiff this time, but may be determined through discovery.

28.  Defendant denies that Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

29.  Defendant denies that Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members.

30.  Defendant denies that common legal and factual questions include, but are not limited to, the following:

a. Whether defendant placed telephone calls to the cellular phones of Plaintiff and the Class using an artificial or prerecorded voice;

b. Whether defendant placed telephone calls to plaintiff and the Class using a

prerecorded message;

c. Whether defendant can meet its burden of showing that it had prior express written consent to place telephone calls to plaintiff and the Class using an artificial or prerecorded voice;

d. Whether defendant acted knowingly or willfully in placing the unlawful calls at issue;

e. Whether defendant is liable to Plaintiff and the Class for statutory damages and/or liquidated damages, and the amount of such damages; and

f. Whether defendant should be enjoined from engaging in such conduct in the future

31. Defendant denies the allegation that the claims of the named plaintiff are typical of the claims of the Class because the named plaintiff like all other Class Members, received unsolicited telephonic sales calls from the defendant without giving them his consent to receive such calls.

32. Defendant denies that plaintiff are adequate representatives of the Class because their interests do not conflict with the interests of the Class Members they seek to represent, they have retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously.

33. Defendant denies that the interests of Class Members will be fairly and adequately protected by plaintiff and their counsel.

34. The defendant denies that the class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class Members.

35. Defendant denies that many of the Class Members likely lack the ability and/or resources to undertake the burden and expense of individually prosecuting what may be a complex and extensive action to establish Defendant's liability.

36. Defendant denies that individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system. Defendant denies that this strain on the parties and the judicial system would be heightened in this case, given the complex legal and factual issues at play.

37. Defendant denies that individualized litigation also presents a potential for inconsistent or contradictory judgments.

38. Defendant denies that in contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and

comprehensive supervision by a single court on the issue of defendant's liability.

39. Defendant denies that class treatment of the liability issues will ensure that all claims and claimants are before this court for consistent adjudication of the liability issues.

40. Defendant incorporates by reference all other previous responses given to paragraphs of this Complaint as if fully stated herein.

41. Defendant states that the statement in paragraph numbered forty-one is a legal statement that does not require an admission or denial, but does state that defendant did not violate the TCPA by making "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using...an artificial or prerecorded voice. .. to any telephone number assigned to a...cellular telephone service." 47 U.S.C. § 227 (b)(l)(A)(iii).

42. Defendant denies that as alleged herein, defendant-or third-parties acting on defendant's behalf-placed telephone calls to the cellular telephone numbers of Plaintiff and the Class using an artificial or prerecorded voice.

43. Defendant denies that when plaintiff listened to the voice mails they were easily able to determine that it was a prerecorded message. See Rahn,20t6 U.S. Dist. LEXIS 186171, at *10-11 ("When one receives a c411, it is a clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live human being, or is instead being subject to a prerecorded message").

44. Defendant denies that defendant made calls and voice mails that were clearly prerecorded because (l) the voice sounded artificial; and (2) the voice mails at issue were all identical is content, tone, pitch, wording, other than the call-back number that was provided.

45. Defendant admits that defendant did not have prior express written consent to place telephone calls to plaintiff and the Class using an artificial or prerecorded voice.

46. Defendant denies that defendant violated Section 227(b)(I)(A)(iii).

47. Defendant denies that as a result of defendant's violations of the TCPA, plaintiff and the Class members were harmed.

48. Defendant denies that plaintiff and the Class members are entitled to an injunction against defendant's ongoing and future violations of the TCPA, 47 U.S.C. § 227 (b)(3)(A).

49. Defendant denies that plaintiff and the Class members are also entitled to an award of statutory damages of $500,00 for each telephone call that defendant placed in violation of the TCPA. 47 U.S.C. § 227 (b)(3)(B).

50. Defendant denies placing calls or using an artificial or prerecorded voice without prior

express written consent. Defendant's denies willfully or knowingly violating the TCPA as alleged in paragraph numbered fifty of the complaint.

51. Defendant denies there has been a knowing or willful violation of the TCPA. 47 U.S.C. § 227 (b)(3)( C), entitling plaintiff and the Class to an award of treble statutory damages of $1,500.00 for each telephone call that Defendant placed in knowing or willful violation of the TCPA. 47 U.S.C. § 227 (b)(3)( C).

**STATE OF TENNESSEE**         )
**COUNTY OF PUTNAM**           )

After first being duly sworn according to law and under oath I, Elijah Castelli, state that the answers to the Complaint are true and correct to the best of my information, knowledge and belief.

_____
Elijah Castelli- Incorporator

Sworn to and subscribed before me this the 27th day of March 2026.

_____
Notary Public
My Commission Expires: 4/19/28

**STATE OF TENNESSEE**         )
**COUNTY OF PUTNAM**           )

After first being duly sworn according to law and under oath I, Lindsay Castelli, state that the answers to the Complaint are true and correct to the best of my information, knowledge and belief.

_____
Lindsay Castelli- Incorporator

Sworn to and subscribed before me this the 27th day of March 2026.

_____
Notary Public
My Commission Expires: 4/19/28

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing ANSWERS has been served upon Anthony I. Paronich, Attorney for Plaintiff, by email anthony@paronichlaw.com and by U.S. Mail to 350 Lincoln Street, Suite 2400, Hingham, MA 02043. This the 27 day of March 2026.

_____
Billy Tollison