# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

ROBERT REIL, individually and behalf of all
others similarly situated,

      Plaintiff,

v.

ELEVATE REAL ESTATE INC

      Defendant.

CIVIL ACTION FILE NO. 1:26-cv-45

## RULE 26(f) REPORT OF THE PARTIES

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's Order dated March 31, 2026, the parties, through undersigned counsel, hereby submit the following report:

### 1. Nature of the Case

This is a putative class action arising under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Plaintiff alleges that Defendant placed unsolicited calls to cellular telephone numbers using an artificial or prerecorded voice without prior express consent. Plaintiff seeks statutory damages, injunctive relief, and class certification on behalf of similarly situated individuals.

### 2. Rule 26(f) Conference

The parties conferred pursuant to Rule 26(f) on April 14, 2026 and discussed the nature and basis of their claims and defenses, the possibilities of resolving the case, and developed the following proposed discovery plan.

### 3. Initial Disclosures

The parties agree to exchange initial disclosures pursuant to Rule 26(a)(1) by ~~April 28,~~ *May 1, 2026* /RR/ 2026.

The parties agree that a Federal Rule of Evidence 502(d) order governing the inadvertent production of privileged or protected materials is appropriate in this case and will submit a proposed order to the Court that will be included within any proposed protective order.

## 7. Proposed Schedule

The parties propose the following schedule:

| Event | Deadline |
| --- | --- |
| Initial Disclosures | May 1, 2026 |
| Deadline to Amend Pleadings / Add Parties | June 12, 2026 |
| Fact Discovery Completion | November 16, 2026 |
| Plaintiff's Expert Disclosures | November 30, 2026 |
| Defendant's Expert Disclosures | December 28, 2026 |
| Rebuttal Expert Disclosures | January 18, 2027 |
| Expert Discovery Completion | February 1, 2027 |
| Motion for Class Certification | February 1, 2027 |
| Dispositive Motions Deadline | February 22, 2027 |

## 8. Trial Dates and Length

Pursuant to the Court's Order, the parties propose that trial commence on June 3, 2027, June 17, 2027, or July 1, 2027. These proposed dates fall within the timeframe required by the Court. The parties anticipate that the trial will last approximately three to five days.

## 9. Settlement

The parties discussed the possibility of settlement as required by the Court's Order. At this time, the parties believe that the likelihood of settlement is unknown.

The parties agree that meaningful settlement discussions would benefit from targeted discovery regarding the size and scope of the proposed class, as well as the identity of any third

## 4. Discovery Plan

The parties anticipate that discovery will include information relating to the alleged telephone calls at issue, including the nature and content of the calls, the technology used to place such calls, and whether any artificial or prerecorded voice was used. Discovery will also include information regarding whether Defendant possessed prior express consent to contact Plaintiff or members of the putative class, Defendant's policies and procedures concerning telemarketing and compliance with the TCPA, the identification of putative class members, and issues relating to damages and alleged willfulness.

The parties do not believe that discovery in phases is appropriate.

The parties propose that each side be permitted to take up to ten (10) depositions, excluding expert witnesses, and to serve up to twenty-five (25) interrogatories and twenty-five (25) requests for admission. The parties agree that requests for production shall be served in a manner that is reasonable and proportional to the needs of the case. The parties reserve the right to seek modification of these limits upon a showing of good cause.

## 5. Electronically Stored Information

The parties have discussed issues relating to the preservation and production of electronically stored information. The parties agree to preserve relevant electronically stored information, including call records, dialing system data, and communications. The parties further agree to produce such information in a reasonably usable format and to meet and confer as necessary regarding search terms, custodians, and production protocols.

## 6. Privilege Issues

2

parties or agents involved in the alleged calling conduct. The parties therefore anticipate that settlement discussions may be more productive after the exchange of such information.

The parties remain open to engaging in settlement discussions or mediation at an appropriate stage of the litigation.

### 10. Magistrate Judge Consent

The parties have discussed the possibility of consenting to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). At this time, the parties do not consent to the jurisdiction of a Magistrate Judge, or discussions regarding consent are ongoing.

### 11. Other Matters

The parties do not believe that a scheduling conference is necessary at this time. However, the parties will request a conference if issues arise that require the Court's intervention.

Dated: April 14, 2026

PLAINTIFF, on behalf of himself and others similarly situated,

/s/ Anthony I. Paronich
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

Billy Tollison attorney for Defendant
742 Millers Point Rd.
Sparta, Tn 38583
tollisonlaw@yahoo.com
931-738-3476

4