**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| ROBERT REIL, | ) | |
| | ) | |
| *Plaintiff,* | ) | Case No. 1:26-cv-45 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| ELEVATE REAL ESTATE INC, | ) | Magistrate Judge Steger |
| | ) | |
| *Defendant.* | ) | |

## <u>SCHEDULING ORDER</u>

1. <u>***Introduction***</u>: The parties conducted a telephonic scheduling conference in this case on **April 14, 2026**.

2. <u>***Jurisdiction***</u>: In this case, the subject matter jurisdiction of the Court has been invoked pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq.* and **is not in dispute**.

3. <u>***Consent to a Magistrate Judge***</u>: The parties do not consent that all proceedings in this case may be conducted by a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c).

4. <u>***Settlement / Alternative Dispute Resolution***</u>: The parties shall discuss the possibility of utilizing the Federal Court Mediation Program in this case. If the parties believe the Federal Court Mediation Program can aid in resolving the case, information is available on the Court's website and can be requested in writing from the Division Manager, U.S. District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402.

5. <u>***Disclosure and Discovery***</u>:

    (a) <u>***Discovery Plan***</u>: The parties **have** held a discovery planning meeting and submitted a discovery plan as required by Rule 26(f).

    (b) <u>***Initial Disclosures***</u>: The parties will make all disclosures required by Rule 26(a)(1) on or before **May 1, 2026**.

    (c) <u>***Expert Testimony***</u>: Plaintiff shall disclose any expert testimony in accordance with Rule 26(a)(2) on or before **November 30, 2026**. Defendant shall disclose any expert testimony in accordance with Rule 26(a)(2) on or before **December 28, 2026**. The parties shall disclose rebuttal testimony within thirty days after the other party's disclosure.

See Section 6(c), below, regarding expert-related motions.

(d) ***Final Witness List***: On or before **January 11, 2027**, the parties shall provide to all other parties and file with the court a final witness list in accordance with Rule 26(a)(3)(A)(i). Within five days after service, the final witness list may be supplemented. After that time the list may be supplemented with leave of the Court and for good cause.

(e) ***All Discovery***: All discovery—including the taking of depositions, requests for admissions, and all discovery-related motion practice—shall be completed by **January 20, 2027**. After that date, the parties may conduct discovery by agreement, but the Court will not involve itself in any disputes that may arise.

(f) ***Pretrial Disclosures***: On or before **August 3, 2027**, the parties shall make the pretrial disclosures specified in Federal Rule of Civil Procedure 26(a)(3)(A)(ii) and (iii). All deposition testimony to be offered into evidence must be disclosed to all other parties on or before this date.

6. ***Other Scheduling Matters***:

(a) ***Class Certification Briefing***: Plaintiff shall file any motion for class certification on or before **January 25, 2027**. Defendants shall file their response in opposition to the motion for class certification on or before **February 24, 2027.** Plaintiff shall file any reply brief in further support of his motion for class certification on or before **March 10, 2027**.

(b) ***Amendment of Pleadings***: If any party wishes to join one or more additional parties or amend its pleadings, a motion for joinder or for leave to amend shall be filed on or before **November 30, 2026**.

(c) ***Dispositive Motions***: All dispositive motions under Rule 12 and all motions for summary judgment pursuant to Rule 56 shall be filed as soon as possible, but no later than **April 13, 2027**. The failure to timely file such motions will be grounds to summarily deny them. *Absent extraordinary circumstances, the dispositive motion deadline will not be extended.*

The Court prefers not to receive statements of undisputed material facts and will disregard any such statement unless it is (i) jointly filed, (ii) contains no argument, and (iii) sets forth facts rather than the parties' positions. If a "response" is filed, the Court will construe the statement as not jointly filed and disregard it.

(d) **Daubert** ***Motions***: All motions to exclude expert testimony pursuant to Federal Rule of Evidence 702 should be filed as soon as possible but no later than **April 13, 2027**.

2

(e) ***Motions in Limine***: Any motions in limine must be filed no later than **August 10, 2027**. The Court will not entertain a motion to exclude expert testimony styled as a motion in limine. Any motions to exclude expert testimony pursuant to Federal Rule of Evidence 702 must be filed on or before the *Daubert* motion deadline set forth above.

Plaintiff(s) and Defendant(s) may each file no more than **three** motions in limine without leave of the Court. Any party seeking an expansion of this limit must file a motion setting forth good cause no later than the motion in limine deadline. Prior to filing any motion in limine, the parties must meet and confer regarding anticipated motions in limine and attempt to resolve any disputes that may arise. All motions in limine must include a certification that the parties have conferred in accordance with this Order.

(f) ***Special Requests to Instruct for Jury Trial***: Pursuant to Local Rule 51.1, the parties shall confer and submit a single joint proposal for jury instructions and verdict form to the Court no later than **August 31, 2027**. Before submitting the joint proposal, the parties must attempt to resolve any disagreements. To the extent there are disagreements as to specific instructions that cannot be resolved, the parties should provide competing instructions in their joint proposal. All jury instructions in the joint proposal, including agreed and competing instructions, shall be supported by citation to authority pursuant to Local Rule 7.4. A copy of the proposed jury instructions must be sent to **atchley_chambers@tned.uscourts.gov** as a Microsoft Word document.

The Court uses the Sixth Circuit Criminal Pattern Jury Instructions as its model in formulating the final instructions given to the jury. Proposed jury instructions should follow the form of the pattern instructions.

7. ***Final Pretrial Conference***: A final pretrial conference will be held in Courtroom 1A on **September 7, 2027**, at **3:00 p.m. ET** at the U.S. Courthouse, 900 Georgia Avenue, Chattanooga, Tennessee. All lawyers who plan to participate in the trial must be present in person at the final pretrial conference.

(a) ***Final Pretrial Order***: The parties shall submit a final pretrial order to the Court at least **five business days** prior to the final pretrial conference by sending it to **atchley_chambers@tned.uscourts.gov**. A sample copy of the final pretrial order is located on the Court's website at **http://www.tned.uscourts.gov**.

(b) ***Trial Briefs***: Any trial briefs regarding anticipated evidentiary and legal issues must be filed at least **three business days** before the final pretrial conference.

(c) ***Exhibits***: Prior to the final pretrial conference, the parties shall meet and confer regarding the authenticity and admissibility of all exhibits they intend to use at trial. At least **five business days** prior to the final pretrial conference, the parties must file an exhibit list with exhibits pre-marked for identification purposes.

3

Counsel should be prepared to discuss any objections to a party's exhibit list at the final pretrial conference.

To the extent disputed exhibits are not otherwise in the record, the parties should be prepared to provide hard copies of the exhibit (or a relevant excerpt) to the Court at the final pretrial conference.

    (d) ***Courtroom Technology***: On or before **September 7, 2027**, the parties shall disclose to one another and to the Court the technology they intend to use in the courtroom during trial and how they intend to use it (*e.g.* display equipment, data storage, retrieval, or presentation devices). This disclosure shall list (1) equipment they intend to bring into the courtroom and (2) Court-supplied equipment they intend to use. The parties shall confirm the compatibility and viability of their planned use of technology with the Court's equipment. General information regarding equipment supplied by the Court is available on the Court's website; specific questions should be directed to courtroom deputy Allison Laster at **allison_laster@tned.uscourts.gov**.

**8.** ***Trial***: The trial of this case will be held in Chattanooga, Tennessee, before the United States District Judge **and a jury** beginning on **September 21, 2027**, at **9:00 a.m. ET**. The trial is expected to last **3-5 days**. If this case is not heard immediately, it will be held in line until the following day or anytime during the week of the scheduled trial date.

**SHOULD THE SCHEDULED TRIAL DATE CHANGE FOR ANY REASON, THE OTHER DATES CONTAINED IN THIS ORDER SHALL REMAIN AS SCHEDULED. ANY FURTHER MODIFICATION OF THE DATES HEREIN MUST BE SOUGHT BY A MOTION TO MODIFY THOSE DATES/ DEADLINES.**[1]

    **SO ORDERED.**

                          */s/ Charles E. Atchley, Jr.*
                          **CHARLES E. ATCHLEY, JR.**
                          **UNITED STATES DISTRICT JUDGE**

---

[1] Due to the demands of the Court's docket, all civil trials and pretrial hearings are conducted in Chattanooga, Tennessee. The Court will entertain a motion to conduct trial in another division of this Court upon a showing of good cause by the parties. Any such motions must be filed **after the dispositive motions deadline but no later than four weeks before the final pretrial conference**, and the grant or denial of the same rests in the Court's discretion.